UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| Kelsy Arlitz, et al., | Case No. 2:19-cv-00743-CDS-DJA |
|---|---|
| Plaintiffs | **Order Granting Motion to Create Special Needs Trust** |
| v. | |
| GEICO Casualty Company, | [ECF No. 215] |
| Defendant | |

Petitioner Continental Trust filed its Motion to Create Special Needs Trust in this matter on May 1, 2024. ECF No. 215. The motion is unopposed by any other party entitled to notice on this matter. Having reviewed the motion and the pleadings and papers on file herein or submitted in camera, this Court being fully advised in the premises, and good cause appearing therefore, grants the motion in its entirety.

I.     Findings

1.     KELSY JEN ARLITZ ("Kelsy"), in her current circumstances, meets all of the elements under all applicable Nevada and federal laws, including, but not limited to, 42 U.S.C. § 1396p(d)(4)(A), to establish a parent-created [O.B.R.A. 1993 § 13611(d)(4)(A)] special needs trust for Kelsy's benefit.

2.     The establishment of KELSY ARLITZ SPECIAL NEEDS TRUST, a parent-created [O.B.R.A. 1993 § 13611(d)(4)(A)] special needs trust for the benefit of Kelsy, a copy of which has been previously submitted to this Court in camera ("Trust"), is proper and is in Kelsy's best interests.

3.     The Trust should be established by Kelsy's biological parents, KARIE HOEKSTRA ARLITZ and GARY BRUCE ARLITZ, as requested in the motion, in the form previously submitted by petitioner in camera.

4.     Continental Trust should be appointed as the initial Trustee of the Trust.

5.     Upon the creation of the Trust, Continental Trust should receive all the rights, powers, discretions and abilities set forth in the terms of the Trust.

6.     All proceeds stemming from any and all written settlements in favor of Kelsy in this case should be transferred and titled to the name of the Trust for Kelsy's benefit.

7.     Any other assets owned by Kelsy in her personal name should be transferred and titled to the name of the Trust for her benefit.

8.     The Trust should be removed from the continuing jurisdiction of this Court.

9.     Continental Trust should be compensated, as Trustee of the Trust, as dictated in the terms of the Trust agreement, and any published fee schedule Continental Trust provided to the public from time-to-time may be used for such compensation without further need to seek approval from this Court.

10.    Continental Trust should be authorized to pay attorney's fees to GERRARD COX LARSEN, as authorized in the Trust agreement at p. 9, Article IV, ¶ 4.2.14.

11.    The other terms and conditions of the Trust should govern and be controlling over the assets of Kelsy titled to it.

## II.    Conclusion

IT IS THEREFORE ORDERED that the Motion to Create Special Needs Trust **[ECF No. 215] is granted** in its entirety.

IT IS FURTHER ORDERED that the KELSY ARLITZ SPECIAL NEEDS TRUST should be established by KARIE HOEKSTRA ARLITZ and GARY BRUCE ARLITZ, the biological parents of KELSY JEN ARLITZ, in the format previously submitted to this Court in camera, in conjunction with the submission of the Motion to Create Special Needs Trust.

IT IS FURTHER ORDERED that CONTINENTAL TRUST shall be the initial trustee of the KELSY ARLITZ SPECIAL NEEDS TRUST and shall have all of the rights, powers, discretions and abilities as set forth in the KELSY ARLITZ SPECIAL NEEDS TRUST.

IT IS FURTHER ORDERED that all proceeds stemming from any and all written settlements in favor of KELSY JEN ARLITZ in this case shall be transferred and titled to the name of the KELSY ARLITZ SPECIAL NEEDS TRUST for her benefit.

IT IS FURTHER ORDERED that any other assets owned by KELSY JEN ARLITZ shall be transferred and titled to the name of the KELSY ARLITZ SPECIAL NEEDS TRUST for her benefit.

IT IS FURTHER ORDERED that the KELSY ARLITZ SPECIAL NEEDS TRUST is hereby removed from the continuing jurisdiction of this Court.

IT IS FURTHER ORDERED that CONTINENTAL TRUST shall be compensated, as Trustee of the KELSY ARLITZ SPECIAL NEEDS TRUST, as dictated in the terms of the trust agreement and any published fee schedule provided by CONTINENTAL TRUST to the public from time-to-time without further need to seek approval from this Court.

IT IS FURTHER ORDERED that CONTINENTAL TRUST is authorized to pay attorney's fees to GERRARD COX LARSEN, as detailed in the KELSY ARLITZ SPECIAL NEEDS TRUST at p. 9, Article IV, ¶ 4.2.14.

IT IS FURTHER ORDERED that the other terms and conditions of the Trust should govern and be controlling over the assets of Kelsy titled to it.

Dated: June 3, 2024

_____
Cristina D. Silva
United States District Judge